IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR 3102 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PARRISH CASEBIER, | ) | REPORT, RECOMMENDATION |
| | ) | AND |
| Defendant. | ) | ORDER |

Defendant has filed a motion to suppress evidence seized pursuant to a warrant search of a motel room. He alleges that the affidavit that supported the application for the warrant was worded so as to mislead the issuing judge by omitting the fact that the officers standing at the doorway to the room actually entered the room without the permission of the occupants, and that had that information been included in the affidavit, it would have been insufficient to establish probable cause for issuance of the warrant. Defendant requests a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978).

The government argues that defendant has failed to make a threshold showing that the omission, if there was one, was intentionally or recklessly made, and secondly, if the information about entering the room were deleted from the affidavit it would still be sufficient to support a finding of probable cause.

Both sides have submitted evidence in support of their positions. The court is initially limited, however, to the four corners of the affidavit in reviewing it for purposes of determining a *Franks* violation. In doing so, the affidavit

contains essentially the following facts: On March 19, 2002 two Crimestoppers report tipped Lincoln police that two individuals were dealing drugs out of a 2620 K Street, Apartment 5, in Lincoln, Nebraska. The sellers were identified as Mitchell Bronson and Patrick Horton. The Crimestoppers reports were assigned to the affiant, Lincoln Police Officer Dennis L. Scott. Later the same day Officer Scott was told by a confidential informant that an individual he knew as "Poochie" was dealing drugs, specifically cocaine and crack cocaine, from Room 27 of the Chase Suites Hotel at 200 South 68th Place in Lincoln. Scott checked the hotel's registry and found a Mitchell Bronson, with the K Street address, had registered in Room 624. Surveillance of Room 624 revealed that a black Cadillac registered to Mitchell Bronson parked near the door to that room and two black males exited the car and entered the room. Scott was advised by a fellow officer that Bronson had three prior arrests for drug offenses. Later in the afternoon Scott's confidential informant called the police and left a phone message that he had been mistaken earlier about the room number at the hotel, and that it was really room 624. The next day "numerous" people came and went after short stays at Room 624 during the morning hours. One of those parties was a woman in a pickup truck that was stopped after leaving the room, and who consented to a search of her truck; found in the truck were marijuana seeds, pipes, and other marijuana paraphernalia, but no cocaine. The woman later identified a picture of Mitchell Bronson as "Poochie," the person she had visited at the hotel.

From here, the affidavit then goes on to state the officers "made contact" with the two black males in the room, and includes a statement that "your affiant noted a strong odor of marijuana coming from Room 624," which the occupants said was in fact

incense.  The occupants also refused the officers permission to search the room.

In determining whether an applicant's affidavit is sufficient to establish probable cause for the issuance of a search warrant, the judge is to consider the totality of the facts set out in the affidavit and determine if they establish a "fair probability" that evidence of criminal activity would be found in the place to be searched.  *Illinois v. Gates,* 462 U.S. 213, 236 (1983).  Omitting the information set out in the preceding paragraph, I believe the totality of the circumstances described in the affidavit still establishes probable cause.

First, if the entire episode of the officers' approach to the hotel room were omitted from the affidavit, there remains considerable information which supports an inference that criminal activity was afoot.  Two separate Crimestoppers reports; a confidential informant's report, which was subsequently changed to correct a fact on the number of the hotel room; links--Mitchell Bronson and the Cadillac--between the address of the first reports with Room 624; a stop of a vehicle shortly after it left the hotel which contained marijuana and paraphernalia; and frequent visitors to the hotel room on the morning of the day on which the warrant was sought.  Much of the information was corroborated by the officers' investigative actions or by other reports to the police.  Taken together, this information is sufficient to establish probable cause to believe that drug dealing was going on from Room 624.

However, if the deleted information is reinserted into the affidavit, the most that can be said is that the affidavit is ambiguous as to where the officers were when they smelled the

3

marijuana.  Use of the terms "coming from" the room would imply that the officers were themselves outside the room.  Even the defendant acknowledges that the door to the room was opened from the inside; if this were made explicit in the affidavit, it would also imply that they officers were outside the room, but that the smell emanated from the room nevertheless.

The defendant apparently argues that the officer should have included in the affidavit that the officers entered the room without the occupants' consent.  Had he done so, it would not have changed the assessment of probable cause, in my view.  Looking now *outside* the four corners of the affidavit—-the government's evidence is to the effect that the entry into the room was in fact consensual, or at least a reasonable officer could believe s/he had consent to enter.  It is thus apparent that had the officer included anything about the entry into the room, it likely would not be that version postulated by the defendant, but the opposite, and therefore, it would have strengthened the finding of probable cause, not weakened it.

Finding that the affidavit was sufficient to establish probable cause without the challenged information, and that inserting the defendant's proposed facts would not destroy probable cause, the defendant is not entitled to an evidentiary hearing on the motion, and it should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Hon. Richard G. Kopf, United States Chief District Judge, pursuant to 28 U.S.C. §636(b)(1)(B) that the defendant's motion to suppress, filing 26, be denied in all respects.

The parties are notified that failure to object to this recommendation as provided in the local rules may result in a waiver of the right to appeal the district judge's adoption of findings in the recommendation.

FURTHER, IT HEREBY IS ORDERED,

Trial of this matter is set to commence at 9:00 a.m., March 13, 2006 before the Honorable Richard G. Kopf in Courtroom 1, United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. Jury selection will be held at commencement of trial.

Dated January 12, 2006

                BY THE COURT

                s/ *David L. Piester*
                United States Magistrate Judge